IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | CRIMINAL NO. 1:12CR289 |
| v. | ) | |
| | ) | Sentencing Date: November 2, 2012 |
| DOUGLAS HOWARD STORY, | ) | |
| Defendant. | ) | The Honorable Claude M. Hilton |

**POSITION OF THE UNITED STATES
WITH RESPECT TO SENTENCING**

The United States of America, through its attorneys, Neil H. MacBride, United States Attorney, Ronald L. Walutes, Jr., Assistant United States Attorney, and in accord with 18 U.S.C. § 3553(a) and the United States Sentencing Commission, *Guidelines Manual,* § 6A (Nov. 2010), files this Position of the United States with Respect to Sentencing in the instant case. The government asks this Court to award the third point for acceptance of responsibility as the defendant notified the government of his intent to plead guilty and allowed the government to avoid preparing for trial. The United States asks the Court to impose a guideline sentence at the high end of the resulting properly calculated Sentencing Guidelines range of **18-24 months.** Such a sentence appropriately accounts for each of the factors set forth in 18 U.S.C. § 3553(a).

**BACKGROUND**

1. On May 30, 2012, federal law enforcement agents arrested the defendant, Douglas Howard Story, for Possession of a Machine Gun in violation of Title 26 U.S.C. Section 5861. The defendant had provided his semi-automatic AK-47 to an undercover officer to convert it into a fully automatic weapon with a selector switch to allow him to site in the scope at a firing range without alerting others to his weapon's conversion.

2. This investigation was conducted by special agents with the Federal Bureau of Investigation (FBI). Story came to the attention of the agents after posting messages on web sites associated with the Aryan Nation where Story discussed wanting to purchase an automatic machine gun. Story also discussed the need to kill law enforcement officers if Martial Law were declared in response to the assassination of the President. In a number of his emails Story discussed harming others. PSR at 43. During this undercover operation an Aryan Nation web site expelled both the FBI informant and Story advising them both that their web site may not be used to obtain machine guns which was illegal. Story continued to pursue acquiring a machine gun despite this warning.

3. Story tells this Court that he needed this illegal machine gun because he had heard an attack against the United States was imminent. PSR at 34. The FBI recordings of their conversations with the defendant also captured his discussion of harming his wife. PSR at 56. Finally the report reflects his discussion of harming a supervisor in the Commonwealth of Virginia's Department of Transportation while he was employed. PSR at 74.

4. Judge Brinkema sentenced to prison a United States Navy Seal for a similar charge when he sold a war trophy AK-47 to special agents of the Alcohol, Tobacco, Firearms and Explosives Bureau. This case is much different. Story frequented Aryan Nation affiliated web sites and expressed his desire to acquire an automatic weapon. Story repeatedly expressed his hatred for minorities and his Face Book bio identified him as "a 100% white man, 100% Aryan." Inside the defendant's apartment in an apartment complex the FBI recovered over 5,000 rounds of ammunition for this AK-47 and two 75 round drums for the weapon.

5. The maximum penalty for this offense is a term of imprisonment of ten years, a fine of

$250,000, a $100 special assessment, and three years of supervised release. The government believes the Presentence Report prepared in this case is accurate and has no objection to it. The defendant is in Criminal History Category I, with a guideline range of 18 - 24 months and has been detained since May 30, 2012. There is no written plea agreement in this case.

## ARGUMENT

**I.     Applicable Sentencing Law**

The Sentencing Guidelines promulgated by the Sentencing Commission are advisory, although sentencing courts "must consult those Guidelines and take them into account when sentencing." *United States v. Booker*, 543 U.S. 220, 264, 125 S. Ct. 738, 767 (2005). "The Guidelines require the district judge to give due consideration to the relevant sentencing range . . . ." *Freeman v. United States*, 131 S. Ct. 2685, 2692 (2011) (plurality opinion). In "the ordinary case, the Commission's recommendation of a sentencing range will 'reflect a rough approximation of sentences that might achieve § 3553(a)'s objectives.'" *Kimbrough v. United States*, 552 U.S. 85, 109, 128 S. Ct. 558, 574 (2007) (quoting *Rita v. United States*, 551 U.S. 338, 350, 127 S. Ct. 2456, 2465 (2007)). Accordingly, a "district court shall first calculate (after making the appropriate findings of fact) the range prescribed by the guidelines. Then, the court shall consider that range as well as other relevant factors set forth in the guidelines and those factors set forth in [18 U.S.C.] § 3553(a) before imposing the sentence." *United States v. Hughes*, 401 F.3d 540, 546 (4th Cir. 2005).

The "Guidelines should be the starting point and the initial benchmark," keeping in mind that a sentencing court "may impose sentences within statutory limits based on appropriate consideration of all of the factors listed in § 3553(a), subject to appellate review for

3

'reasonableness.'" *Pepper v. United States*, 131 S. Ct. 1229, 1241 (2011). Although "the Guidelines are advisory rather than mandatory, they are . . . the product of careful study based on extensive empirical evidence derived from the review of thousands of individual sentencing decisions." *Gall v. United States*, 552 U.S. 38, 46, 128 S. Ct. 586, 594 (2007). A sentencing court, therefore, "must first calculate the Guidelines range, and then consider what sentence is appropriate for the individual defendant in light of the statutory sentencing factors, 18 U.S.C. § 3553(a), explaining any variance from the former with reference to the latter." *Nelson v. United States*, 555 U.S. 350, 351, 129 S. Ct. 890, 891-92 (2009).

Section 3553(a) states that the court should consider the nature and circumstances of the offense and characteristics of the defendant. In addition, the court must consider other factors, including the need for the sentence "to reflect the seriousness of the offense, to promote respect for law, and to provide just punishment for the offense; [and] to afford adequate deterrence to criminal conduct." 18 U.S.C. § 3553(a)(2)(A) & (B). The court should also consider the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct. 18 U.S.C. § 3553(a)(6).

**II.     A Guideline Sentence is Consistent with the Factors and Considerations Set Forth in 18 U.S.C. § 3553(a) and (b).**

Section 3553(a) requires a sentencing court to consider the nature and circumstances of the offense and the history and characteristics of the defendant, as well as the need for the sentence imposed to: reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, afford adequate deterrence to criminal conduct, protect the public from further crimes of the defendant, and provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

4

*Nature and Circumstances of the Offense*: Applying these sentencing factors to the facts of this case demonstrates that a sentence at the top of the guideline range is both appropriate and reasonable. The defendant's misconduct was calculated and his effort to acquire the illegal weapon occurred over a period of time. Others who wish to disregard federal law need to be deterred. *United States v. Miller*, 484 F.3d 964, 967-68 (8th Cir. 2007) ("general deterrence . . . is one of the key purposes of sentencing . . . ."). There is a consequence to obtaining unlawful weapons. This Court should be particularly concerned that in this case Story lived in an apartment complex with others in close proximity and possessed drums plus over 5,000 rounds of AK-47 ammunition allowing him to expel an incredible volume to shots rapidly. The defendant was not a collector or hunter, he sought to acquire this combat weapon so people would fear him.

*History and Characteristics of Defendant*: The defendant is today 49 years old. He tells this Court that he is no longer interested in associating with the Aryan Nation and wants to remove his White Power tattoo. The government hopes this representation is true and is not simply a reflection of being caught.

## CONCLUSION

Therefore, for the above-stated reasons, the United States submits that a sentence at the high end of the guideline range is appropriate and necessary to promote respect for the law, protect the community and accounts for each of the factors set forth in 18 U.S.C. § 3553(a).

Respectfully submitted,

Neil H. MacBride
United States Attorney


_____/s/_____
Ronald L. Walutes, Jr.
Assistant United States Attorney
Attorney for the United States of America
United States Attorney's Office
Justin W. Williams U.S. Attorney's Building
2100 Jamieson Avenue
Alexandria, Virginia 22314
Phone: 703-299-3910
Fax: 703-739-9556
Email Address: ron.walutes@usdoj.gov

CERTIFICATE OF SERVICE

I hereby certify that on the 26th day of October, 2012, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to the following:

    Gretchen Lynch Taylor, Esq.
    Attorney for Douglas Howard Story

I further certify that I have sent the foregoing by email to the United States Probation Office.

    /s/

Ronald L. Walutes, Jr.
Assistant United States Attorney
Attorney for the United States of America
United States Attorney's Office
Justin W. Williams U.S. Attorney's Building
2100 Jamieson Avenue
Alexandria, Virginia 22314
Phone: 703-299-3910
Fax: 703-739-9556
Email Address: ron.walutes@usdoj.gov,